UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------x

RICHARD C. MORRISON,

                *Plaintiff*,                **MEMORANDUM AND ORDER**
                                                      19-CV-7141 (KAM)

                -v-

YOLANDA JONES; V. MATOS; NEW YORK
CITY TRANSIT,

                *Defendants*.

--------------------------------x

**KIYO A. MATSUMOTO, District Judge:**

          Plaintiff Richard C. Morrison ("plaintiff"),
proceeding *pro se*, commenced this action pursuant to Title VII
of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*,
("Title VII"), on December 16, 2019.  By Memorandum and Order
dated December 30, 2019, the court granted plaintiff's request
to proceed *in forma pauperis*, denied plaintiff's motion for
immediate injunctive relief and dismissed the complaint for
failure to state a claim upon which relief may be granted.  (ECF
No. 5, Memorandum and Order dated 12/30/19 ("Memorandum and
Order").)  Plaintiff was, however, granted 30 days' leave to
file an amended complaint against New York City Transit.  (*See
id.*)  On January 31, 2020, plaintiff filed an amended complaint,
asserting claims pursuant to Title VII, 42 U.S.C. §§ 2000e *et
seq.*, New York State Human Rights Law, N.Y. Exec. Law §§ 290 to
297 ("NYSHRL") and New York City Human Rights Law, N.Y. City
Admin. Code §§ 8-101 to 131 ("NYCHRL"), seeking compensatory

1

damages including back pay, holiday pay, and vacation pay, and a statement that he was cleared of any wrongdoing.  (ECF No. 7, Amended Complaint ("Am. Compl.").)  The court granted an extension *nunc pro tunc*, and as such, considers the amended complaint timely filed and reviews it for sufficiency.  For the reasons stated below, plaintiff's amended complaint is dismissed for failure to state a claim upon which relief may be granted.

### Background

Plaintiff, formerly an MTA bus driver, alleges that on May 12, 2018, he along with his two teenage sons, were passengers on a New York City bus operated by Yolanda Jones. Plaintiff alleges that he requested a stop and that Ms. Jones failed to stop at the designated stop.  (Am. Compl. at 5.) Plaintiff then requested another stop and Ms. Jones refused to open the door when they reached the stop. (*Id.*)  Plaintiff alleges that when he reached in to get a bus transfer, Ms. Jones grabbed plaintiff's hand, called the police and falsely alleged that plaintiff assaulted her.  (*Id.*)  The police arrived and arrested plaintiff.  (*Id.* at 15.)  Soon thereafter, on May 18, 2018, while the criminal charges were still pending, plaintiff was terminated from his job.  (Am. Compl. at 4.)  The criminal charges were allegedly dismissed on June 3, 2019.  (*Id.*)

## Legal Standard

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

Moreover, in reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Complaints filed by *pro se* litigants "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (internal quotation marks omitted) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006)); *see also Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-92 (2d Cir. 2008). Nevertheless, a *pro se* plaintiff "must still plead enough facts to state a claim to relief that is plausible on its face." *Owens v. City of New York*, No. 14-CV-00966, 2015 WL 715841, at *1 (S.D.N.Y. Feb. 19, 2015) (citing *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)).

## Discussion

### A. Plaintiff's Claims Against Jones and Matos

First, as the court noted in its December 2019 Memorandum and Order, "there is no individual liability under Title VII." *Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012). (*See* Memorandum and Order at 4.) Further, both the NYSHRL and NYCHRL limit individual liability to cases where an individual defendant actually participates in the conduct giving rise to the plaintiff's discrimination or retaliation claim. *Malena v. Victoria's Secret Direct, LLC*, 886 F. Supp. 2d 349, 366 (S.D.N.Y. 2012).

Here, plaintiff does not allege that either Jones or Matos participated in the conduct giving rise to plaintiff's discrimination or retaliation claims. Rather, plaintiff's allegations concern the MTA: the "MTA was seeking termination of my employment", the "MTA withhold [sic] my pay," and the "MTA took the statement I wrote [regarding the incident]." (Am. Compl. at 4-5.) In addition, plaintiff's allegation that Yolanda Jones failed to come to court in order to participate in the criminal proceedings against plaintiff does not sound in Jones' personal participation in retaliation or discrimination against plaintiff in his employment. Because plaintiff fails to state a claim on which relief may be granted as to defendants Jones and Matos, the court hereby dismisses plaintiff's Title

4

VII, NYSHRL and NYCHRL claims against the individual
defendants.  28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Plaintiff's Discrimination and Retaliation Claims Against New York City Transit

Plaintiff also asserts a Title VII employment
discrimination claim on the bases of race and sex. (Am. Compl.
at 3 (filling out "African-American" and "male" under the Title
VII inquiry, where the form indicates the basis on which
defendant allegedly discriminated against plaintiff).)  An
employer's preferential treatment toward a similarly situated
employee outside of a plaintiff's protected class can raise an
inference of discrimination.  *Ruiz v. Cnty. of Rockland*, 609
F.3d 486, 493 (2d Cir. 2010).  "An employee is similarly
situated to co-employees if they were (1) subject to the same
performance evaluation and discipline standards and (2) engaged
in comparable conduct."  *Id*. at 493-94.

Plaintiff's amended complaint fails, however, to
allege any facts that give rise to an inference that NYC Transit
discriminated against plaintiff based on his race or sex
pursuant to a Title VII claim, and he also does not allege the
race of Ms. Jones or any alleged comparators.  *See Ripa v. Stony
Brook Univ.,* 808 F. App'x 50, 52 (2d Cir. 2020) (summary order)
(affirming district court's dismissal of Title VII claim for
failure to state a claim where plaintiff did not support
discrimination claim with "any facts indicating that [defendant]

was motivated by [plaintiff's] sex or gender"); *see also Rojas v. 1180 Commc'n Workers of Am.,* No. 19-CV-2347 (KAM) (LB), 2020 WL 2795756 (E.D.N.Y. May 29, 2020) (dismissing an amended complaint for failure to state a claim on the ground that it "[wa]s devoid of any facts or circumstances giving rise to an inference of discrimination").  Because plaintiff's racial discrimination claim is wholly conclusory and devoid of any facts giving rise to an inference of discrimination, the court dismisses plaintiff's Title VII racial discrimination claim.

Plaintiff's gender discrimination claim ultimately founders for the same reason.  Plaintiff asserts that he was terminated from his employment with the NYC Transit Authority during the pendency of the criminal proceedings against him, whereas two unidentified female bus operators, who had allegedly been involved in verbal or physical altercations with other individuals had not been discharged.  (Am. Compl. 13-14.)  As with plaintiff's race-based claims, plaintiff fails to plausibly allege any facts suggeting that his former employer was motivated by discriminatory motives, *i.e.* that the NYC Transit Authority took any action because of plaintiff's gender.  *Henry v. NYC Health & Hosp. Corp.*, 18 F. Supp. 3d 396, 409-10 (S.D.N.Y. 2014).

Plaintiff must do more than make conclusory allegations.  To allege disparate treatment supporting a gender

discrimination claim, plaintiff must allege facts that he was
"similarly situated in all material respects" to his female
colleagues.  *See Anderson v. Davis Polk & Wardwell LLP*, 850 F.
Supp. 2d 392, 407 (S.D.N.Y. 2012) (internal quotation marks and
citation omitted); *Sosa v. New York City Dep't of Educ.,* 368 F.
Supp. 3d 489, 499 (E.D.N.Y. 2019) (citing *Williams v. N.Y.C.
Health & Hosp. Corp.*, No. 08-CV-4132, 2010 WL 2836356, at *4
(E.D.N.Y. July 16, 2010) (dismissing Title VII claim where
plaintiff merely alleged that "[u]pon information and belief,
males got paid when they were out sick but females [did] not,"
and failed to "specify any facts to support her claim that males
were indeed treated differently than females in regard to sick-
leave pay").  Even construed liberally, plaintiff's allegations
of gender-based disparate treatment are conclusory, and do not
allege that any similarly situated female employee received more
favorable treatment than Mr. Morrison.  *See id.; see also
Anderson*, 850 F. Supp. 2d at 407.

Here, the fact that plaintiff and his colleagues are
all bus operators is not sufficient to draw a fair comparison
for purposes of Title VII.  *See Butts v. N.Y.C. Dep't of Educ.*,
No. 16-CV-5504 (NGG) (RML), 2018 WL 4725263, at *10 (E.D.N.Y.
Sept. 28, 2018) (rejecting claim where the plaintiff "pleaded
only one commonality between [a colleague] and herself.")  In
fact, plaintiff admitted that he and Ms. Jones, as well as the

other female bus operators, did not even work in the same bus
depot.  (Am. Compl. at 13.)  Moreover, plaintiff's factual
allegations fails to establish that plaintiff was treated
differently than his female colleagues for similar conduct.  As
such, the court finds plaintiff did not sufficiently plead facts
demonstrating that these other female bus operators were
"subject to the same evaluation and discipline standards or that
they engaged in comparable conduct."  *Butts*, 2018 WL 4725263, at
*10.

        Moreover, plaintiff's retaliation claims fail on their
face.  To make out a *prima facie* case for retaliation under
Title VII, a plaintiff must show: "(1) participation in a
protected activity; (2) that the defendant knew of the protected
activity; (3) an adverse employment action; and (4) a causal
connection between the protected activity and the adverse
employment action."  *See Littlejohn v. City of New York*, 795
F.3d 297, 315-16 (2d Cir. 2015) (quoting *Hicks v. Baines*, 593
F.3d 159, 164 (2d Cir. 2010)).  The Second Circuit has held that
"proof of causation can be shown either: (1) indirectly, by
showing that the protected activity was followed closely by
discriminatory treatment, or through other circumstantial
evidence such as disparate treatment of fellow employees who
engaged in similar conduct; or (2) directly, through evidence of
retaliatory animus directed against the plaintiff by the

8

defendant." *Gordon v. New York City Bd. of Educ.*, 232 F.3d 111, 117 (2d Cir. 2000).

Plaintiff has not alleged – nor could he plausibly allege – the fourth required element of a *prima facie* retaliation claim: a causal connection between his protected activity and the adverse employment action.  *See Clark Cnty. School Dist. v. Breeden*, 532 U.S. 268, 272-73 (2001) (plaintiff had failed to show causal connection, for purposes of Title VII retaliation claim, where employer contemplated undertaking the adverse employment action before employee's participation in a protected activity); *Xie v. New York City Dep't of Educ.,* No. 19-CV-4097 (MKB), 2020 WL 2797513, at *5 (E.D.N.Y. May 29, 2020) (dismissing Title VII retaliation claim for failure to state a claim where plaintiff had not engaged in a protected activity before termination); *Levy v. Legal Aid Soc'y*, 408 F. Supp. 3d 209, 216-17 (E.D.N.Y. 2019).

Here, plaintiff has alleged that he was "dismiss[ed]" from his employment on or about May 18, 2018, approximately 10 months before plaintiff filed a complaint with the EEOC.  (Am. Compl. at 8, 14.)  Thus, plaintiff was apparently terminated from his employment well before his participation in a protected activity, *i.e.* his filing a discrimination complaint with the EEOC.  Furthermore, plaintiff has neither alleged that he participated in any other protected activity under Title VII of

9

which his former employer was aware, nor that his former employer retaliated against plaintiff due to his participation in a protected activity.  To the contrary, the alleged circumstances surrounding plaintiff's termination suggest a non-discriminatory motive for his discharge, *i.e.* that plaintiff was terminated because he was facing criminal charges following his alleged assault of an MTA bus operator.  Therefore, plaintiff has failed to allege a retaliation claim against the NYC Transit Authority, and accordingly, the court dismisses plaintiff's retaliation claims.

To the extent that the amended complaint seeks to raise claims under the NYSHRL, the claims likewise fail to state a claim upon which relief can be granted.  *See Salamon v. Our Lady of Victory Hosp.*, 514 F.3d 217, 226 n.9 (2d Cir. 2008) ("We typically treat Title VII and NYSHRL discrimination claims as analytically identical, applying the same standard of proof to both claims."); *Mandell v. County of Suffolk,* 316 F.3d 368, 377 (2d Cir. 2003); *Torres v. Pisano,* 116 F.3d 625, 629 n. 1 (2d Cir. 1997).  As stated earlier, plaintiff fails to allege facts to suggest that he suffered any adverse employment action based on discriminatory animus and plaintiff cannot establish a *prima facie* case based on "purely conclusory allegations of discrimination, absent any concrete particulars."  *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir. 1985); *St. Mary's Honor Ctr.*

10

*v. Hicks*, 509 U.S. 502, 506 (1993); *Lenzi v. Systemax, Inc.*, 944 F.3d 97, 107 (2d Cir. 2019).  Thus, his claims brought pursuant to the NYSHRL are dismissed for failure to state a claim upon which relief may be granted.

Having dismissed all of plaintiff's federal claims, as well as the NYSHRL claims, the court declines to exercise supplemental jurisdiction over plaintiff's NYCHRL claims.  A district court "may decline to exercise supplemental jurisdiction over a claim" once it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c). Moreover, "[c]ourts in this District routinely decline to exercise supplemental jurisdiction over a plaintiff's NYCHRL claims after dismissing all federal claims." *Vargas v. St. Luke's-Roosevelt Hosp. Ctr.,* No. 16-CV-5733, 2020 WL 2836824, at *11 (S.D.N.Y. June 1, 2020) (internal citation omitted); *Lambert v. Trump Int'l Hotel & Tower*, 304 F. Supp. 3d 405, 428 (S.D.N.Y. 2018) (collecting cases); *Espinoza v. New York City Dept. of Transportation*, 304 F. Supp. 3d 374, 391 (S.D.N.Y. 2018) (same).

The court has previously granted plaintiff an opportunity to amend his complaint, and has outlined the deficiencies in his prior complaint, and plaintiff's amended complaint again suffers from the same deficiencies as the original complaint.  Consequently, the court finds that granting plaintiff another opportunity to amend the complaint would be

11

futile.  Thus, the court hereby dismisses this action in its entirety.

## Conclusion

Accordingly, the amended complaint, filed *in forma pauperis*, is dismissed for failure to state a claim upon which relief could be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is respectfully directed to enter judgment, close this case, mail a copy of the judgment and this Memorandum and Order to the *pro se* plaintiff, and note service on the docket.  **SO ORDERED.**

_____/s/_____
Kiyo A. Matsumoto
United States District Judge

Dated: July 13, 2020
        Brooklyn, New York

12